IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ANTHONY FRANCIS BOOK,<br><br>Defendant/Movant. | No. CR-08-51-GF-SEH<br><br><br><br>**ORDER** |

On August 19, 2011, Defendant/Movant Anthony Book (Book), moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Book is a federal prisoner proceeding *pro se*.

## PRELIMINARY SCREENING

The Court must conduct a preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); Rule 4(b), Rules Governing § 2255 Proceedings. It has done so.

## BACKGROUND

Book was indicted on April 17, 2008, on one count of conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I); one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count II); and one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count III). (Doc. 1). Mark D. Meyer, Esq. (Meyer) was appointed to represent him. (Doc. 11).

On May 13, 2008, the United States provided notice, under 21 U.S.C. § 851, that it would be requesting increased punishment for Book because he had two prior convictions in Cascade County for felony drug offenses. (Doc. 17). Filing of the notice subjected Book to a mandatory minimum term of life imprisonment. 21 U.S.C. §§ 841(b)(1)(A) and 851.

A fully executed plea agreement was filed on May 27, 2008. (Doc. 22). Book agreed to plead guilty to Count I of the Indictment. The United States agreed to dismiss Counts II and III. (Doc. 22 at 2). Paragraph 7 of the plea agreement addressed the mandatory minimum term of life imprisonment. It stated, in pertinent part:

> "Defendant understands the charge to which he will plead guilty carries a mandatory minimum term of life imprisonment and a maximum penalty of life imprisonment and an $8,000,000 fine, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851.

(Doc. 22 at 3-4).

On May 30, 2008, Book pled guilty in open court. Plea Hr'g Tr. (Doc. 41) at 34. Sentencing was set for August 28, 2008. (Doc. 27).

On August 25, 2008, Book filed a response to the United States' § 851 notice. Book argued that his two prior felony drug convictions should be treated as a single conviction for purposes of determining the appropriate mandatory minimum sentence, because the convictions were based upon a single act of criminality, and not separate, discrete criminal episodes. (Doc. 30). If correct, Book would have faced a mandatory minimum sentence of 20 years in prison, not life imprisonment. See 21 U.S.C. §§ 841(b)(1)(A).

The Court conducted a sentencing hearing on August 28, 2008. Each party presented oral argument on the issue of whether Book's prior felony drug convictions should be treated as one or two convictions for purposes of determining the mandatory minimum sentence applicable to him. Sentencing Tr. (Doc. 42) at 4-13. The Court concluded that the prior drug convictions were separate and discrete. Id. at 13-14. A mandatory minimum term of life imprisonment was applied. Id. at 15.

3

The Court then granted the United States' motion for a downward departure from the mandatory minimum sentence under § 5K1.1 of the United States Sentencing Guidelines. Book was sentenced to 300 months in prison, followed by a ten-year term of supervised release. Id. 22-27; Judgment (Doc. 36) at 2-3.

Book appealed. On March 26, 2010, the Ninth Circuit Court of Appeals affirmed the sentence. United States v. Book, No. 08-30335 (9th Cir. March 26, 2010)(unpublished mem. dep.)(Doc. 49). Book filed a petition for panel rehearing and a petition for rehearing *en banc*. Both were denied. (Doc. 50). The present § 2255 motion followed.

## BOOK'S ALLEGATIONS

Book makes two claims. First, he contends that Meyer violated his Sixth Amendment right to effective assistance of counsel: 1) by failing to advise him that the plea agreement contained an incorrect mandatory minimum sentence of life imprisonment, and 2) by failing to convince the Court to treat his two prior felony drug convictions as a single conviction for purposes of the sentence enhancement under § 841 (b)(1)(A). Second, he contends the Court erred when it used a mandatory minimum sentence of life imprisonment as a basis for determining his sentence.

## ANALYSIS

### A. Ineffective Assistance of Counsel

Strickland v. Washington, 466 U.S. 668 (1984), sets the standards for claims alleging ineffective assistance of counsel. First, Book must show that counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Second, he must show that he was prejudiced by counsel's errors. Strickland, 466 U.S. at 693. Under the first prong, counsel's performance need not be perfect. It must, however, fall "within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 771 (1970). To demonstrate prejudice Book must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

#### (i). Mandatory Minimum Sentence in Plea Agreement

Book claims Meyer was ineffective in the plea agreement stage of the case because he failed to point out that the plea agreement stated an incorrect mandatory minimum sentence of life imprisonment. The Court concluded, at sentencing, that life imprisonment was the appropriate mandatory minimum sentence as Book had two prior felony drug convictions which were separate and discrete. There was no error

in the plea agreement. It correctly stated the applicable mandatory minimum sentence. Counsel was not ineffective.

### (ii). Failure to Convince Court to Treat Prior Felony Convictions as a Single Conviction for Purposes of 21 U.S.C. § 841 (b)(1)(A)

Meyer argued, both in response to the § 851 Information and at sentencing, that Book's two prior drug convictions should be treated as a single conviction for purposes of the sentencing enhancement under § 841(b)(1)(A). See Doc. 30; Sentencing Tr. (Doc. 42) at 4-13. The Court rejected the argument because the facts showed that Book's prior drug convictions were based upon separate criminal episodes, rather than a single act of criminality. Counsel was not ineffective. The facts simply did not support Book's position.

### B. Mandatory Minimum Sentence of Life Imprisonment

Book claims the Court erred when it used a mandatory minimum sentence of life imprisonment as a basis for determining his sentence. The claim fails for several reasons. First, it is included within the claims of ineffective assistance of counsel which have been rejected for the reasons stated above. Second, Book waived the right to collaterally attack the Court's sentence determination in paragraph 17(a) of the plea agreement. Plea Agreement (Doc. 22) at 10. The waiver was knowing and voluntary. See United States v. Book, No. 08-30335 (9th Cir. March 26, 2010)

6

(unpublished mem. dep.)(Doc. 49) at 2.

## CERTIFICATE OF APPEALABILITY

"A certificate of appealability ["COA"] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).

To obtain a COA, the movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright, 220 F.3d at 1026 (quoting Slack, 529 U.S. at 484). Any doubt as to whether a petitioner has met the standard is resolved in his favor. Lambright, 220 F.3d at 1025.

Book has not shown that he was deprived of a constitutional right. There was no error and no ineffective assistance of counsel. Reasonable jurists would not disagree. A COA is not warranted.

## ORDER

1. The motion to vacate, set aside, or correct sentence (Doc. 51) is

DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Book files a Notice of Appeal.

DATED this 6th day of February, 2012.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge